IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                       No. CR 13-3725 JB

ALEJANDRO SALAMON GAVARRETE-REYES,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Sentencing Memorandum and Objections to the Presentence Report, filed February 7, 2014 (Doc. 14)("Objections"). The Court held a hearing on February 13, 2014. The primary issue is whether Defendant Alejandro Salamon Gavarrete-Reyes' prior conviction for Theft by Taking, under Ga. Code Ann. § 16-8-2, is an "aggravated felony" that subjects him to an 8-level sentencing enhancement under U.S.S.G. § 2L1.2(b)(1)(C). Because the Bill of Indictment, executed January 12, 1988, filed in Georgia state court January 13, 1988, attached to the Addendum to the Presentence Report, disclosed February 11, 2014 ("Bill of Indictment"), indicates that Gavarrete-Reyes was indicted under the portion of Ga. Code Ann. § 16-8-2 that fits within the generic definition of a theft offense that the United States Court of Appeals for the Tenth Circuit set forth in United States v. Vasquez-Flores, 265 F.3d 1122 (10th Cir. 2001), the Court will overrule the Objections.

In the Presentence Investigation Report, disclosed January 8, 2014 ("PSR"), the United States Probation Office ("USPO") applied an 8-level enhancement under U.S.S.G. § 2L1.2(b)(1)(c), after determining that Gavarrete-Reyes pled guilty to Theft by Taking, under Ga. Code Ann. § 16-8-2. The 8-level enhancement in U.S.S.G. § 2L1.2(b)(1)(C) applies when

the defendant has previously been convicted for an aggravated felony. The Application Notes point to 8 U.S.C. § 1101(a)(43) for the definition of "aggravated felony," U.S.S.G. § 2L1.2 cmt n.3, which lists a number of crimes as aggravated felonies, including "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year," 8 U.S.C. § 1101(a)(43)(G). In United States v. Vasquez-Flores, the Tenth Circuit adopted a uniform generic definition for "theft offense (including receipt of stolen property)" as "a taking of property or an exercise of control over property without consent with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent." 265 F.3d at 1125. This generic definition breaks down into essentially three elements: (i) taking of property or exercise of control over property, (ii) without consent, (iii) with criminal intent to deprive the owner of rights and benefits of ownership. See 265 F.3d at 1125.

In 1988, Gavarrete-Reyes pled guilty to Georgia Code § 16-8-2, which states: "A person commits the offense of Theft by Taking when he unlawfully takes or, being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated." Ga. Code Ann. § 16-8-2. This statute is divisible, because a person can commit Theft by Taking either (i) by unlawfully taking the property of another with the intention of depriving him of the property, or (ii) by lawfully possessing and then unlawfully appropriating the property of another with the intention of depriving him of the property. See Ga. Code Ann. § 16-8-2.

When dealing with a divisible statute, the Court may look to a limited number of documents, including an indictment, to determine under which portion of the statute a defendant was convicted. See Descamps v. United States, 133 S. Ct. 2276, 2281 (2013)("[T]he modified

categorical approach permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction.").

> For example, in a State whose burglary statutes include entry of an automobile as well as a building, if the indictment or information and jury instructions show that the defendant was charged only with a burglary of a building, and that the jury necessarily had to find an entry of a building to convict, then the Government should be allowed to use the conviction for enhancement.

Taylor v. United States, 495 U.S. 575, 602 (1990).

The Bill of Indictment states that the Grand Jury in Georgia indicted Gavarrete-Reyes for one count of Theft by Taking for "unlawfully tak[ing] a motor vehicle, to wit: one 1979 Chevrolet C-60 flatbed dump truck, bearing 1988 Texas tag #9906AR, the property of Alfred C. Corpus, with the intent to deprive said owner of said property . . . ."  Bill of Indictment. Gavarrete-Reyes pled guilty to Count I.  See Final Disposition, executed March 30, 1988, filed in Georgia state court March 30, 1988, attached to the Addendum to the Presentence Report, disclosed February 11, 2014 ("Final Disposition").  The Bill of Indictment does not include the second variation of Theft by Taking, because it does not state that Gavarrete-Reyes lawfully possessed the motor vehicle before unlawfully appropriating it.  The Bill of Indictment and Final Disposition, thus, indicate that Gavarrete-Reyes was indicted for, and pled guilty to, the portion of Ga. Code Ann. § 16-8-2 that involves "unlawfully tak[ing] . . . any property of another with the intention of depriving him of the property . . . ." Ga. Code Ann. § 16-8-2.

The first variation of the Georgia Theft by Taking statute, under which Gavarrete-Reyes was charged and pled guilty, fits within the generic definition that the Tenth Circuit announced in United States v. Vasquez-Flores.  The Georgia statute, like the generic definition, involves taking the property of another with the intent to deprive that person of his or her property.  When

comparing the elements of the generic offense and the elements of the offense to which Gavarrete-Reyes pled guilty, the remaining issue is whether "unlawfully" taking property, under the Georgia statute, equates to the generic definition's element of taking the property "without consent."

In Stull v. State, 196 S.E.2d 7 (Ga. 1973), the defendant challenged Section 26-1802(a), which is now § 16-8-2, as unconstitutional for being too vague, uncertain and indefinite. See 196 S.E.2d at 9. The Georgia Supreme Court rejected the defendant's arguments; it looked to the definition of "theft" in Black's Law Dictionary, which included the requirement that the taking is "without the owner's consent" and concluded that "the gravamen of the offense is the taking of the property of another against the will of such other." 196 S.E.2d at 9. More recently, in 2011, the Court of Appeals of Georgia, in In re E.C., 716 S.E.2d 601 (Ga. App. 2011), equated the "unlawful" requirement from Ga. Code Ann. § 16-8-2 with taking "without consent" of the owner:

> [Section] 16-8-2 provides, in relevant part, that a person commits the offense of theft by taking 'when he unlawfully takes . . . any property of another with the intention of depriving him of the property[.] That the taking was 'unlawful,' that is, without the owner's consent, is an essential element of the crime.

716 S.E.2d at 602. These cases indicate that, to commit the offense of Theft by Taking under Ga. Ann. Code § 16-8-2 by "unlawfully taking" the property of another, the defendant must have taken the property without the consent of the owner.

Because the Bill of Indictment indicates that Gavarrete-Reyes was indicted and pled guilty to the portion of Ga. Code Ann. § 16-8-2 that fits within the generic definition of a "theft offense" that the Tenth Circuit set forth in United States v. Vasquez-Flores, the Court will overrule the Objections and will apply the 8-level enhancement under U.S.S.G. § 2L1.2(b)(1)(C).

**IT IS ORDERED** that the objections in the Sentencing Memorandum and Objections to

- 5 -

the Presentence Report, filed February 7, 2014 (Doc. 14), are overruled.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Steven C. Yarbrough
  Acting United States Attorney
David M. Walsh
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

L. Val Whitley
Santa Fe, New Mexico

    *Attorney for the Defendant*